UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FILED
JUN -6 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

JOSEPH M. HOLMES, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 5:17cv73 DCB-MTP
 )
SOUTHERN COLONEL HOMES, INC., )
and CAVALIER HOME BUILDERS, LLC, )
 )
    Defendants. )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Cavalier Home Builders, LLC ("Cavalier") hereby files this Notice of Removal of the above-referenced lawsuit from the Circuit Court of Pike County, Mississippi to the United States District Court for the Southern District of Mississippi, Western Division. In support of Removal of this action, Cavalier states as follows:

### BACKGROUND

1. On or about August 27, 2012, Plaintiff Joseph M. Holmes ("Holmes") entered into a written agreement with Southern Colonel Homes, Inc. ("Southern Colonel") for the purchase of a manufactured home manufactured by Cavalier, serial number CBC044018ALAB (the "Home"), for the purchase price of $133,725.80. *See* Exhibit 1, Declaration of Gerald Cummings, ¶ 3; Exhibit 1-A, Southern Colonel Sales Agreement.

2. On February 8, 2017, Holmes' counsel made a demand on Cavalier for: "(1) a return of the mobile home to Cavalier or Southern Colonel (2) complete forgiveness of the mortgage and any other indebtedness and (3) $80,000.00 to compensate Mr. Holmes for ruined personal effects, furniture, and other household goods, improvements to the home, and for being displaced

1

from his home for several months." *See* Exhibit 2, February 8, 2017 Letter from Brian Herrington. Cavalier never made a counteroffer to the demand that has never been withdrawn.

3. On April 27, 2017, Holmes filed a Complaint against Cavalier and Southern Colonel in the Circuit Court of Pike County, Mississippi alleging various issues with the Home. *See* Exhibit 3, Complaint and Summons, constituting all pleadings and papers served on Cavalier in the State court action.

4. Holmes' Complaint asserts a claim for "**COUNT FIVE VIOLATION OF MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. 2301, et seq.)**" and demands the following damages:

> a. An order canceling the contract and ordering Defendants return to Plaintiff all monies paid in this transaction including, but (sic) limited to the down payment, installation payments made, fees, etc.
>
> b. Compensatory damages in an amount to be proven at trial;
>
> c. Punitive damages in an amount to be proven at trial;
>
> d. Attorney fees and costs; and
>
> e. Any other relief the Court may deem proper.

*See* Exhibit 3, p. 11-13 (emphasis in original).

## TIMELINESS OF REMOVAL

5. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides in pertinent part that "the notice of removal of a civil action shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ." 28 U.S.C. § 1446(b).

6. Cavalier through counsel accepted service of the Complaint on May 24, 2017.[1] *See* Exhibit 4, May 24, 2017 Email from Daniel Weber. Thus, this Notice of Removal is timely as it has been filed within thirty (30) days of receipt by Cavalier, through service, of the Complaint.

### FEDERAL QUESTION JURISDICTION

7. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A civil action filed in a state court may be removed to federal court if the plaintiff asserts a claim over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).[2] The United States Supreme Court holds:

> To determine whether the claim arises under federal law, we examine the "well pleaded" allegations of the complaint and ignore potential defenses: "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.

*Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003).

8. Holmes' Complaint alleges a claim under the Magnuson-Moss Warranty Act ("MMWA") codified at 15 U.S.C. § 2301, et seq. *See* Exhibit 3, p. 11. The MMWA was "Congress's first comprehensive attempt to deal at the federal level with problems of consumer warranties." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1061 (5th Cir. 1984). By passing the MMWA, Congress created a separate cause of action for breach of an express or implied warranty and established requirements for the contents of such warranties. *Shaffer v. Palm Harbor Homes, Inc.*, 328 F. Supp. 2d 633, 636 (N.D. Miss. 2004).

---

[1] While CT Corporation System was provided a copy of the Complaint and Summons on May 8, 2017, the Acknowledgement of Receipt of Summons and Complaint was not signed by CT Corporation System or other authorized representative of Cavalier as required for service to be perfected. *See* Exhibit 3, p. 4.

[2] Where a district court has original jurisdiction over one claim arising under federal law, it has supplemental jurisdiction over the remaining state law claims in a Complaint. *See Exxon Mobil Corp. v. Alapattah Servs., Inc.*, 545 U.S. 546, 554 (2005); *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 222 (5th Cir. 2012).

9. The MMWA confers federal question jurisdiction when the consumer brings a civil action pursuant to the MMWA and seeks over $50,000.00 in damages, exclusive of interests and costs. 15 U.S.C. § 2310(d)(3)(B); *Boelens,* 748 F. 2d at 1061.

10. The amount in controversy can be satisfied if "it is apparent from the face of the petition" that the amount in controversy is "likely to exceed" the jurisdictional threshold amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720 (5th Cir. 2002). Holmes' Complaint expressly demands compensatory damages, punitive damages, and "[a]n order canceling the contract and ordering Defendants return to Plaintiff all monies paid in this transaction." *See* Exhibit 3, p. 12. The purchase price of the Home was $133,725.80. *See* Exhibit 1. As Holmes seeks to cancel a financed debt of $133,725.80 and recover compensatory and punitive damages, the amount in controversy greatly exceeds the $50,000 threshold for federal question jurisdiction under the MMWA.

11. In *Roberts v. Chandaleur Homes,* a consumer asserted claims in the Circuit Court of Lauderdale County, Mississippi against a manufactured home retailer and manufacturer for alleged issues with a manufactured home. 237 F. Supp. 2d 696, 697 (S.D. Miss. 2002). The manufacturer of the home removed the action to the Southern District of Mississippi based on a claim for violation of the MMWA. *Id.* On a motion to remand, the consumer argued that the $50,000 amount in controversy had not been met because the Complaint did not set forth a specific amount of damages sought. *Id.* This Court held that the financed purchase price of the manufactured home in the amount of $30,496 resulting in total payments of $120,398 (after interest) established the amount in controversy for federal question jurisdiction under the MMWA. *Id.* at 698. The Court was guided by the principle that "[u]nder applicable Fifth Circuit authority, where a plaintiff seeks to rescind or otherwise declare a contract to be unlawful, the

amount in controversy is judged by the consequences of such rescission or declaration on all litigants." *Id.* (citing *Duderwicz v. Sweetwater Savings Association,* 595 F.2d 1008, 1014 (5th Cir. 1979)). Similarly, in *Shaffer v. Palm Harbor Homes, Inc.,*[3] the Northern District of Mississippi denied a manufactured home buyer's motion to remand because the purchase price of the home of $69,316.34 was "compelling evidence which demonstrates that the Plaintiffs' Magnuson-Moss claim is at least $50,000." 328 F. Supp. 2d 633, 635 (N.D. Miss. 2004). Under the exact same facts as *Roberts* and *Shaffer*, this case presents a much stronger case for amount in controversy as Holmes purchased the Home for $133,725.80, far in excess of the $50,000 threshold for federal question jurisdiction under the MMWA.

12. Even if the amount in controversy is not apparent from the face of the Complaint, the removing party may prove by preponderance of the evidence that the amount in controversy at the time of removal exceeds the jurisdictional threshold amount. *DeAguilar v. Boeing Co.,* 47 F. 3d 1404, 1408 (5th Cir. 1995). Generally, the amount in controversy can be stablished by a "pleading, motion, order or other paper." 28 U.S.C. 1446(b). Indeed, the Fifth Circuit finds pre-suit demand letters "other paper" that are sufficient evidence to establish amount in controversy under § 1446(b). *See St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1254 (5th Cir. 1998). Holmes' pre-suit letter demands "(1) a return of the mobile home to Cavalier or Southern Colonel (2) complete forgiveness of the mortgage and any other indebtedness and (3) $80,000.00 to compensate Mr. Holmes for ruined personal effects, furniture, and other household goods, improvements to the home, and for being displaced from his home for several months." *See* Exhibit 2. Holmes' demand for a cash payment of $80,000 alone meets the threshold amount in controversy requirement without regard to the fact that Holmes seeks to cancel a financed debt of

---

[3] The Court in *Shaffer* also held that a post-removal stipulation by Plaintiffs' counsel was insufficient to rebut the removing party's showing that the amount in controversy exceeded the jurisdictional requirement at the time of removal. 328 F. Supp. 2d at 640.

$133,725.80 and a refund of all payments made. *See* Exhibit 2. Accordingly, Cavalier has proven beyond a doubt that the amount in controversy exceeds the $50,000 threshold requirement for federal question jurisdiction under the MMWA.

13. As Holmes' claim for violations of MMWA arises under federal law, this Court has original jurisdiction of that claim and supplemental jurisdiction of the rest of Holmes' claims that arise under state common law principles under the same set of facts. *See Exxon Mobil Corp..,* 545 U.S. at 554; *Arena,* 669 F.3d at 222.

## VENUE IS PROPER IN THIS DISTRICT AND DIVISION

14. Holmes filed the Complaint in the Circuit Court of Pike County, Mississippi, which lies in the geographical area of the United States District Court for the Southern District of Mississippi, Western Division. Accordingly, venue is proper pursuant to 28 U.S.C. § 1441(a).

## OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISIFIED

15. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Clerk of the Circuit Court of Pike County, Mississippi as required by 28 U.S.C. § 1446(d).

16. A written notice of the filing of this Notice of Removal will be given to Holmes as required by law as required by 28 U.S.C. § 1446(d).

17. A copy of the Complaint and Summons issued to Cavalier is attached hereto as Exhibit 3.

18. The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the Southern District of Mississippi, Western Division.

19. A copy of the entire state record in Civil Action No. 17-044-PCT, Pike County Circuit Court is filed with this Notice of Removal pursuant to L.U. Civ. R. 5(b) attached hereto as Exhibit 4.

20. If any question arises as to the propriety of the Removal of this action, Cavalier requests the opportunity to present a brief and oral argument in support of its position that this civil action is removable.

Respectfully submitted this the ___5___ day of June, 2017.

                                           CAVALIER HOME BUILDERS, LLC

                                           BY: _____
                                                        JAMES L. QUINN, Its Attorney

James L. Quinn, MSB#4590  
Attorney at Law, PLLC  
P. O. Box 271  
Hattiesburg, MS  39403-0271  
(601) 544-1482 - Telephone  
(601) 544-1846 –Facsimile  
jlq@jimquinnlaw.com

## CERTIFICATE OF SERVICE

I, James L. Quinn, do hereby certify that I have this day mailed via United States Mail, postage fully prepaid, a true and correct copy of the above and foregoing document to:

>Brian K. Herrington, Esq.
>1520 North State Street
>Jackson, MS  39202

THIS the __5__ day of June, 2017.

_____
James L. Quinn