to

 **CT Corporation**

**Service of Process Transmittal**
05/08/2017
CT Log Number 531187954

| | |
|---|---|
| **TO:** | Dan Batchelor, Office of General Counsel<br>The Clayton Companies<br>3284 Morgan Dr Ste 112<br>Vestavia, AL 35216-3086 |
| **RE:** | **Process Served in Alabama** |
| **FOR:** | Cavalier Home Builders, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joseph M Holmes, Pltf. vs. Southern Colonel Homes, Inc. and Cavalier Home Builders, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Notice, Complaint, Attachment |
| **COURT/AGENCY:** | Pike County Circuit Court, AL<br>Case # 17044PCT |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2012 Buccaneer Mobile home |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/08/2017 postmarked on 05/04/2017 |
| **JURISDICTION SERVED:** | Alabama |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days of the date of mailing (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Brian K Herrington<br>Herrington Law, PA<br>1520 North State Street<br>Jackson, MS 39202<br>601-208-0013 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0123780437<br><br>Image SOP<br><br>Email Notification,  Dan Batchelor  dan.batchelor@sehomes.com<br><br>Email Notification,  Todd Fulks  todd.fulks@claytonhomes.com<br><br>Email Notification,  Kayte Settlemire  Kayte.Settlemire@ClaytonHomes.com<br><br>Email Notification,  Suzie Malone  Suzie.Malone@SEHomes.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>2 North Jackson Street<br>Suite 605<br>Montgomery, AL 36104<br>212-590-9070 |

Page 1 of  1 / MJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT
3

CERTIFIED MAIL

7016 2710 0000 6993 5965

U.S. POSTAGE PAID
JACKSON, MS
39201
MAY AMOUNT
$4.96
R2304N116000-10

1000    38104

Herington Law, PA
1531 North State Street
Jackson, MS 39202

CT Corporation System
Registered Agent of

Cavalier Home Builders LLC
2 North Jackson St., Suite 605
Montgomery, AL 36104



**HERRINGTON LAW, PA**
1520 North State Street
Jackson, MS 39202

May 4, 2017

CT CORPORATION SYSTEM
Registered Agent of
Cavalier Home Builders, LLC.
2 North Jackson Street, Suite 605
Montgomery, AL 36104

          RE: Holmes v. Southern Colonel Homes, et al. No. 17-044-PCT

To Whom It May Concern:

Enclosed please find a complaint and summons by mail in the aforementioned matter. Upon receipt, please sign and return the proof of service to Herrington Law as soon as possible.

If you have any questions, do not hesitate to call the office at 601-208-0013.

Thank you.

Sincerely,

Deirdre Jackson
c/o Herrington Law, PA

Cc:
Herrington Law, PA

## IN THE COURT OF PIKE COUNTY, MISSISSIPPI

**JOSEPH M. HOLMES**                                                          **PLAINTIFF**

**v.**                                        CIVIL ACTION NO. ___17-044-PCT___

**SOUTHERN COLONEL HOMES, INC.**
**and CAVALIER HOME BUILDERS, LLC.**                              **DEFENDANTS**

### NOTICE

TO:   **CT CORPORATION SYSTEM**
      The Registered Agent of
      Cavalier Home Builders, LLC
      2 North Jackson St., Suite 605
      Montgomery, Al 36104

The enclosed summons and complaint are served pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure.

You must sign and date the acknowledgment at the bottom of this page. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days of the date of mailing shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint.

If you do complete and return this form, you (or the party on whose behalf you are being served) must respond to the complaint within 30 days of the date of your signature. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare that this Notice and Acknowledgement of Receipt of Summons and Complaint was mailed on ___May 4___, 2017.

                                        _____
                                        Signature

**THIS ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT MUST BE COMPLETED**

     I acknowledge that I have received a copy of the summons and of the complaint in the above-captioned matter in the State of Alabama.

                                     _____

                                           Signature

                                 CT CORPORATION SYSTEM
                                 Registered Agent for
                                 Cavalier Home Builders, LLC
                                 2 North Jackson St., Suite 605
                                 Montgomery, Al 36104

                                 Date of Signature: _____

**STATE OF** _____
**COUNTY OF** _____

     Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _____, who solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgement of Receipt of Summons and Complaint are true and correct as therein stated.

     Affirmed and Subscribed before me this _____ day of _____, 2017.

                                   _____

                                           Notary Public

                                 My Commission Expires _____

**(SEAL)**

## IN THE CIRCUIT COURT OF PIKE COUNTY, MISSISSIPPI

JOSEPH M. HOLMES                                                                                    **PLAINTIFF**

**FILED**
**PIKE COUNTY, MISS.**
**APR 27 2017**
**ROGER A. GRAVES**
**CIRCUIT CLERK**
**BY**

v.                                                                          CIVIL ACTION NO. 17-044-PCT

SOUTHERN COLONEL HOMES, INC.
and CAVALIER HOME BUILDERS, LLC                                          **DEFENDANTS**

### COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW Plaintiff Joseph M. Holmes, by and through counsel, and files his

Complaint against Defendants and, in support thereof, would show unto the Court the following:

### NATURE OF THE ACTION

1.     This case is about a homeowner without a home. Plaintiff Joseph M. Holmes

("Plaintiff") purchased a mobile home manufactured by Defendant Cavalier Home Builders,

LLC ("Cavalier"), and sold by Defendant Southern Colonel Homes, Inc. ("Southern Colonel").

2.     Plaintiff experienced problems with the mobile home within a couple of months

after moving in. From misaligned doors to multiple leaks to toxic mold, Plaintiff has encountered

almost every problem a mobile home can have. For the last seven (7) months, having lost faith in

the home, Plaintiff and his family have been living with his wife's parents.

3.     Plaintiff has filed suit only because Defendants refuse to take back this obviously

defective mobile home and allow Plaintiff and his family to move on with their lives.

### PARTIES

4.     Plaintiff Joseph M. Holmes is an adult resident citizen of Walthall County,

Mississippi.

5.     Defendant Southern Colonel Homes, Inc. is a domestic corporation doing

1

business in Pike County, Mississippi. It may be served with process by service upon its registered agent, George R. Campbell, at 7390 US Highway 49 North, Hattiesburg, Mississippi 39402.

6.      Defendant Cavalier Home Builders, LLC is a foreign corporation with its principal place of business located at 32 Wilson Boulevard #100, Addison, Alabama 35540. It may be served with process by service upon its registered agent, CT Corporation System, 2 North Jackson St., Suite 605, Montgomery, Alabama 36104.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to the Mississippi Constitution Annotated, Article 6, Section 156. The Court has personal jurisdiction over Defendant Southern Colonel because it is a domestic corporation. The Court has personal jurisdiction over Defendant Cavalier pursuant to Miss. Code. Ann. § 13-3-57 because Defendant Cavalier routinely does business in Mississippi and performs work or service in this state.

8.      This Court is the proper venue pursuant to Miss. Code Ann. § 11-11-3 because Defendant Southern Colonel operates a sales lot in this county from which Plaintiff purchased the subject home. Further, the sales contract on the subject home was negotiated and executed in this county.

## FACTS

9.      Plaintiff purchased his 2012 Buccaneer mobile home on or about August 27, 2012, from Southern Colonel in McComb, Mississippi. A true and correct copy of the Bill of Sale is attached hereto as Exhibit A.

10.     Plaintiff moved into the home on October 31, 2012.

11.     Shortly thereafter, Plaintiff noticed problems with the back French door not

2

locking or shutting right. The dead bolt would not lock because it was not lined up correctly. Plaintiff also noticed stress cracks, broken tiles in the bathroom and kitchen, the dishwasher not fitting properly, and other defects.

12.    However, Southern Colonel told Plaintiff not to call Cavalier during the first year because, according to Southern Colonel, mobile homes tend to experience multiple problems early on and it is better to wait and fix them all at once.

13.    Upon information and belief, Plaintiff posits that Southern Colonel and/or Cavalier hoped to avoid having to make any repairs on the home because the warranty would expire after a year.

14.    Southern Colonel's admonition notwithstanding, Plaintiff complained to Cavalier about all the problems.

15.    Between 2013 and 2015, Cavalier came to the home to make repairs, but many of them were inadequate or fixed a symptom and not the root cause of a problem.

16.    For example, Cavalier replaced the damaged trim and adjusted the holes on the door frame instead of finding out what was causing the door to leak. After it rained the back door would leak at the bottom and the door threshold would swell to the point that the door would not open.

17.    In February of 2016, Plaintiff noticed the floor by the back French door was soft and smelled. Plaintiff then called LD Farmer several times, and left messages trying to get someone to fix the leaking back door.

18.    On May 24, 2016, Plaintiff emailed LD Farmer at Cavalier the list of defects with the house.

19.    On June 8, 2016, Plaintiff emailed LD Farmer again.

20.    At the end of June 2016, Gerald Cummings from Cavalier and one helper came out to fix drawers in the bathroom that had broken, the dishwasher, which did not fit properly, the ceiling fan light switch in the living room, which had quit working, and the front door, which did not shut properly.

21.    On June 30, 2016, Tim Harper with Harper's Air Conditioning came out to work on AC, and changed the piston.

22.    In mid-July 2016, Tim Harper again came to work on the AC. The duct work had fallen off on the front side of the house. Mr. Harper was able to fix the duct work, but he found the hot water heater had a leak.

23.    In July 2016, Plaintiff called Cavalier numerous times about hot water heater leak, back door leak, roof leak, and front door leak.

24.    During a storm in August 2016, the front leaked so badly that water puddled all the way into the living room.

25.    In August 2016, Plaintiff called Cavalier numerous times to get these and other repairs done on the mobile home.

26.    The week of August 15 – 19, 2016, Cavalier sent a crew out to look at everything. They took pictures of the hot water heater, back door, floor, and inspected the roof where it was leaking in the master bedroom.

27.    In September 2016, Plaintiff was still waiting on Cavalier to send someone out to repair the mobile home rather than merely look at it.

28.    On September 22, 2016, Plaintiff called George Campbell from Southern Colonel (Hattiesburg), who sent out two workers (Preston and Doug). They tore out the hot water heater and closet.

4

29.     On September 23, 2016, Preston and Doug returned to finish the repairs and sprayed the mold with bleach and then tried to cover up the mold on the outer wall.

30.     Preston and Doug told Plaintiff, contrary to fact, that there was no way possible that the water could have gone from the closet into the kitchen under the cabinets, or damaged the outer OSB wall.

31.     Plaintiff did not let them come back because he felt he could not trust them to do the work properly.

32.     In September 2016, Plaintiff talked to Servpro, which recommended Ira Head to do air samples to see what kind of mold was in the home. Mr. Head found that the mold was growing on the ceilings and walls in the living room, two bedrooms, laundry room, and at the back door.

33.     Plaintiff's son has asthma and the mold has had an adverse effect on his son.

34.     On October 5, 2016, Mr. Head took air samples. Plaintiff paid out of pocket for the testing.

35.     On October 7, 2016, Plaintiff sent Cavalier a certified letter regarding the defects.

36.     On October 7, 2016, Plaintiff received the air sample results, which showed the existence of allergen molds.

37.     During the second week of October 2016, Jerry Dudley from Cavalier inspected the home. He detected a problem with the ridge cap on the roof.

38.     On October 22, 2016, Cavalier workers tore out the back door and floor that was rotted. The tier block was under the door threshold causing the threshold to bow, which caused the leaking.

39.     On October 23, 2016, Cavalier workers attempted to make more repairs.

40.    On October 29, 2016, Cavalier workers tore out portions of the kitchen and laundry room where the hot water heater had leaked.

41.    On October 30, 2016, Cavalier workers continued to do repair work.

42.    In October 2016, the ridge cap was taken off by Cavalier worker Jason, who said the ridge cap was holding water. Cavalier worker Mikey told Plaintiff that the vinyl siding was installed improperly.

43.    On November 9, 2016, Plaintiff talked to Kyle from Servpro in Brookhaven, Mississippi. He called LD Farmer at Cavalier and gave him the estimate for the mold cleanup. Kyle also wanted to gather a second set of air samples because of the workers having torn out large portions of the mold-damaged areas.

44.    Cavalier agreed to pay for the second air samples. The air samples could not be done until Monday, November 14, 2016. LD Farmer was made aware of this.

45.    On November 12, 2016, Cavalier workers showed up to put the kitchen back together. Once they learned that ServPro had not yet remedied the mold infestation, they left without completing any repairs.

46.    Mikey from Cavalier asked Plaintiff to sign a document saying that he did not want them to work that day.

47.    Plaintiff told them that he would not sign anything because he wanted the work done. There was plenty of work that they could have done like cleaning up the pile of materials lying in the yard or pulling up the linoleum to check out the soft spots.

48.    On November 14, 2016, Mr. Head came back to the mobile home and took a second set of air samples.

49.    On November 16, 2016, the test results revealed the presence of the mold types

6

Chaetomium and Stachybotrys throughout the house.

50. On November 18, 2016, Plaintiff asked Cavalier to buy him out of the home and to retrieve it. Cavalier stated they had to run it by their legal team first.

51. On November 28, 2016, Gerald Cummings from Cavalier told Plaintiff they were going to repair the mobile home.

52. On December 9, 2016, Kyle, from ServPro, told Plaintiff that he needed a to wear a ventilated mask to go inside his home.

53. By this point, Plaintiff had justifiably lost faith in the home given the litany of defects and the existence of harmful mold.

54. On December 22, 2016, Plaintiff timely revoked acceptance of the home.

## CLAIMS FOR RELIEF

### COUNT ONE
### REVOCATION OF ACCEPTANCE

55. Plaintiff incorporates the preceding allegations as if fully rewritten herein.

56. Plaintiff purchased the mobile home in reliance on the various promises and warranties Defendants made regarding the mobile home.

57. The mobile home did not conform to the representations or warranties made in this transaction.

58. Plaintiff accepted the home without knowledge of these nonconformities, which would have been difficult, if not impossible, for Plaintiff to discovery before acceptance.

59. Plaintiff notified Defendants after discovery of each of the numerous problems and nonconformities in writing and verbally.

60. Plaintiff has given Defendants a reasonable opportunity to cure the nonconformities and problems with the mobile home.

7

61.     Defendants have failed to adequately repair the mobile home and/or have not repaired same in a timely fashion and/or have not made the mobile home conforming; and the mobile home and the entire transaction is currently in a defective and/or nonconforming condition.

62.     The nonconformities in this transaction substantially impair the value of same to Plaintiff.

63.     Any delay in notification regarding revocation was based upon assurances by Defendants that the aforesaid nonconformities would be corrected.

64.     Cavalier has refused to refund Plaintiff's purchase price, payments made, etc., or to reimburse him for all incidental and consequential damages.

## COUNT TWO
## BREACH OF EXPRESS WARRANTY

65.     Plaintiff incorporates the preceding allegations as if fully rewritten herein.

66.     On or about August 27, 2012, Plaintiff purchased the mobile home from Southern Colonel.

67.     In connection with the sale, Defendants expressly warranted that the mobile home was free of defects.

68.     Defendants breached this express warranty in that:

a.     The back French door did not lock or shut properly;

b.     The tiles in the kitchen and bathroom had stress cracks;

c.     The dishwasher never fit properly in the kitchen;

d.     The drawers in the bathroom were defective;

e.     The ceiling light switch in the living room never worked properly;

f.     The front door would not close properly due to a faulty door seal;

8

g.   The defects of the mobile led to areas of the home to leak when it rained, which caused the floor to swell preventing the back door from opening and closing; and

h.   The defects of the mobile home caused mold to grow in the home to the extent the home became inhabitable.

69.   Plaintiff notified Defendants of the nonconformities in the goods on shortly after discovery of each nonconformity, which was a reasonable time after Plaintiff discovered the breach.

70.   As a result of Defendants' breach of warranty, Plaintiff has suffered damages in an amount represented by the difference between the value of the home as delivered and the value it would have had if the home had been as warranted.

71.   Defendants' breach also caused to be ruined numerous personal items of Plaintiff and his family.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

72.   Plaintiff incorporates the preceding allegations as if fully rewritten herein.

73.   Defendant Southern Colonel is the seller of the subject home.

74.   Defendant Cavalier is the manufacturer of the subject home.

75.   In August of 2012, Plaintiff purchased a mobile home from Defendants.

76.   An implied warranty that the home was merchantable arose by operation of law as part of the sale.

77.   Defendants breached the implied warranty of merchantability in that the home was not in merchantable condition when sold or at any time thereafter and was not fit for the ordinary purposes for which a mobile home is used, in that:

9


a.   The back French door did not lock or shut properly;

b.   The tiles in the kitchen and bathroom had stress cracks;

c.   The dishwasher never fit properly in the kitchen;

d.   The drawers in the bathroom were defective;

e.   The ceiling light switch in the living room never worked properly;

f.   The front door would not close properly due to a faulty door seal;

g.   The defects of the mobile led to areas of the home to leak when it rained, which caused the floor to swell preventing the back door from opening and closing; and

h.   The defects of the mobile home caused mold to grow in the home to the extent the home became inhabitable.

78.   Plaintiff timely notified Defendants of the defects after the discovery of each defect.

79.   As a result of Defendants' breach of the implied warranty of merchantability, Plaintiff has suffered damages in an amount represented by the difference between the value of the home as delivered and the value it would have had if the home had been as warranted.

80.   Defendants' breach also caused to be ruined numerous personal items of Plaintiff and his family.

## COUNT FOUR
## BREACH OF WARRANTY FOR A PARTICULAR PURPOSE

81.   Plaintiff incorporates the preceding allegations as if fully rewritten herein.

82.   In August 2012, Plaintiff purchased the mobile home from Defendants.

83.   Plaintiff purchased the home to serve as his primary residence.

84.   Plaintiff informed Defendants at the time of the sale of the particular purpose for

which he required the home and asked Defendants to aid in selecting and furnishing a suitable home.

85.     Plaintiff relied on Defendants' skill and/or judgment to select or furnish a suitable home, and Defendants knew or had reason to know that Plaintiff was so relying.

86.     As a result of the circumstances of the sale, an implied warranty arose that the home was fit for Plaintiff's purposes.

87.     The home was not fit for Plaintiff's purpose in that the home manifested the following defects mentioned in paragraphs 68 and 77 above.

88.     Plaintiff timely notified Defendants of the defects as each was discovered, which was a reasonable time after Plaintiff discovered the breach.

89.     As a result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiff has suffered damages in the amount represented by the difference between the value of the home as delivered and the value it would have had if the home had been as warranted.

90.     Defendants' breach also caused to be ruined numerous personal items of Plaintiff and his family.

**COUNT FIVE**
**VIOLATION OF MAGNUSON-MOSS WARRANTY ACT**
**(15 U.S.C. 2301, et seq.)**

91.     Plaintiff incorporates the preceding paragraphs as if rewritten fully herein.

92.     Plaintiff is a "consumer" as defined by the Magnuson-Moss Warranty Act ("Warranty Act"), 15 U.S.C. § 2301(3).

93.     Southern Colonel is a "supplier" and "warrantor" as defined by the Warranty Act, 15 U.S.C. § 2301(4), (5).

11

94.     Cavalier is a "supplier" and "warrantor" as defined by the Warranty Act, 15 U.S.C. § 2301(4), (5).

95.     The mobile home in question is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(1).

96.     The mobile home in question was manufactured and sold after July 4, 1975.

97.     The express warranties given by Defendants and/or required by statute to be given by Defendants pertaining to the mobile home are "written warranties" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

98.     Pursuant to the Warranty Act, certain language is required to be included in the contract of sale as set forth in Plaintiff's prior allegations.

99.     Southern Colonel is subject to the claims Plaintiff has asserted against Cavalier and vice versa.

100.    The above-described actions, including, but not limited to, the failure of Defendants to honor the warranty and/or to seek arbitration contrary to the Warranty Act, and/or to ignore the rules and regulations constitute breach of the written warranties and of the Warranty Act.

## DEMAND FOR JURY TRIAL

101.    Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Plaintiff seeks the following relief:

a.      An order canceling the contract and ordering Defendants to return to Plaintiff all monies paid in this transaction including, but limited to the down payment, installment payments made, fees, etc.

b.      Compensatory damages in an amount to be proven at trial;

12

c.      Punitive damages in an amount to be proven at trial;

d.      Attorney fees and costs; and

e.      Any other relief the Court may deem proper.

Dated this the 26th day of April, 2017.

By: _____
Brian K. Herrington (MSB# 10204)
HERRINGTON LAW, PA
1520 North State Street
Jackson, MS 39202
T: 601.208.0013
F: 601.235.9947
brian@herringtonlawpa.com



CT CORPORATION SYSTEM
Registered Agent of
Cavalier Home Builders, LLC
2 North Jackson Street, Suite 605
Montgomery, AL 36104

HERRINGTON LAW, PA
1520 North State Street
Jackson, MS 39202